UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:11-cr-548-T-33CPT

IHAB STEVE BARSOUM

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Ihab Steve Barsoum's pro se "Motion for a Reduction in Sentence Pursuant to Title 18 U.S.C. § 3582(c)(1)(A) - Compassionate Release" (Doc. # 281), filed on May 8, 2020. The United States of America responded on May 28, 2020. (Doc. # 283). For the reasons that follow, the Motion is denied.

**I.   Background**

After a jury found him guilty, the Court sentenced Barsoum on February 4, 2013, to a term of imprisonment of 204 months for one count of conspiracy to dispense and distribute oxycodone not for a legitimate professional practice, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(C), and five counts of distribution of oxycodone outside the course of professional practice, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (B)(1)(C). (Doc. ## 175, 218). Barsoum's total offense level was 38, and the corresponding guidelines

range was 235 to 293 months. (Doc. # 216 at 2). The Court varied downward 31 months[1] due to Barsoum's background and the facts of the case. (Id. at 1-2; Doc # 281 at 3).

On November 2, 2016, the Court ruled that Barsoum was eligible for a 2-level reduction under Amendment 782, resulting in a total offense level of 36. (Doc. # 266 at 1). The Court reduced Barsoum's sentence to 188 months in accordance with the amended guidelines range of 188 to 235 months. (Id.). While the Court noted that Barsoum had received a downward variance during his original sentencing, the Court found that a comparable variance was not authorized under U.S.S.G. § 1B1.10(b)(2)(A). (Id.).

Now, in his Motion, Barsoum seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, alleging "he would have received a lesser sentence" had he been sentenced today. (Doc. # 281 at 2). Before filing this Motion with the Court, the BOP had denied Barsoum's request for compassionate release, and Barsoum exhausted all available administrative remedies. (Id. at 2). The United

---

[1] Barsoum writes in his Motion that the Court awarded him a 36 month downward variance. (Doc. # 281). The Court notes that the downward variance was 31 months (from 235 months to 204 months), not 36 months. (Doc. # 216).

States has responded to the Motion (Doc. # 283), and the Motion is ripe for review.

## II. Discussion

As directed by Congress in 28 U.S.C. § 994, the Sentencing Commission releases policy statements that outline the special circumstances that warrant a sentence reduction. United States of America v. Mollica, No. 2:14-CR-329-KOB, 2020 WL 1914956, at *4 (N.D. Ala. Apr. 20, 2020). U.S.S.G. § 1B1.13 contains three predefined "extraordinary and compelling" circumstances: medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Application Note 1. The fourth provision is a "catchall provision" delegating to the Director of the BOP the power to determine if additional circumstances are extraordinary and compelling. United States v. Catanzarite, No. 18-0362 (ES), 2020 WL 2786927, at *3 (D.N.J. May 29, 2020). Barsoum does not allege any of the three predefined extraordinary and compelling circumstances. (Doc. # 281). Only the catchall provision is at issue here.

Although U.S.S.G. § 1B1.13 has not been updated since the First Step Act, some courts still apply this policy statement, which requires the BOP to determine whether an inmate's circumstances are extraordinary and compelling. See United States v. Coffman, No. 5:09-CR-181-KKC, 2020 WL

2614634 (E.D. Ky. May 22, 2020)(finding that the policy statement, with its requirement that the BOP Director determine what other reasons qualify as extraordinary and compelling, still applies after the First Step Act).

Other courts, however, recognize the tension between U.S.S.G. § 1B1.13 and the First Step Act. See e.g., United States v. Maumau, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020)(finding U.S.S.G § 1B1.13 inapplicable because "continuing to give the [BOP] Director a veto over [compassionate release] requests would defeat [the First Step Act's] goal"); United States v. Hope, No. 90-cr-06108-KMW-2, 2020 WL 2477523 (S.D. Fla. Apr. 10, 2020)(granting the defendant a sentence reduction, without the prior approval of the BOP, under the catchall provision because the court had the independent discretion to do so); United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019)(stating that, while the policy statement may provide "helpful guidance," it was not binding on the Court's assessment of the defendant's motion for compassionate release).

While there is debate about whether U.S.S.G. § 1B1.13 still applies after the First Step Act, this Court sides with those courts who find the policy statement inapplicable in

4

light of the First Step Act. The BOP considered Barsoum for compassionate release but determined that he did not meet the criteria for extraordinary and compelling circumstances. (Doc. # 281-2). Because U.S.S.G. § 1B1.13 no longer controls, the Court has the authority to independently determine whether Barsoum's circumstances are extraordinary and compelling.

Nevertheless, the Court finds that Barsoum's circumstances are not extraordinary and compelling. Barsoum states, "U.S.S.G. § 1B1.10(b)(2)(A) tied this court's hands and would not permit this court from granting Barsoum the 'accommodation' this court stated he deserves . . . Thanks to Section 603(b) the court's hands are now free to exercise the same discretion and grant Barsoum the same 3 years departure from his 188 month base guideline range and announce a sentence of 152 months." (Doc. # 281 at 5). Barsoum's argument is based on his assumption that the Court would have granted him a comparable variance and wishes to do so now. The Court disagrees; 188 months is an appropriate sentence for Barsoum, and no further reduction is warranted. Thus, Barsoum has not established an extraordinary and compelling circumstance.

Additionally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the

5

imposition of a sentence that protects the public and reflects the seriousness of the crime. The Court agrees with the United States that, "Barsoum's background and the nature and circumstances of the offense show that Barsoum will continue to be a danger to the community." (Doc. # 283 at 10). Indeed, Barsoum was a privileged and successful pharmacist who chose to use forged prescriptions to illegally sell Oxycodone. (Id. at 10-12). While the exact number of Oxycodone pills Barsoum distributed was disputed, the Court approximated he sold 56,000 pills. (Doc. # 242 at 72-75). Given the damage Oxycodone has and continues to cause in this country, Barsoum's release would endanger the public. Barsoum's conduct while incarcerated — although admirable — does not alter the Court's conclusion. Thus, even if Barsoum had shown the existence of an extraordinary and compelling circumstance, the Court would not grant Barsoum compassionate release.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Ihab Steve Barsoum's pro se "Motion for Reduction in Sentence Pursuant to Title 18 § U.S.C. 3582(c)(1)(A) - Compassionate Release" (Doc. # 281) is **DENIED.**

6

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of June, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE